UNITED STATES *v.* BAIRD.

*(District Court, D. Washington, N. D.   December 12, 1891.)*

CHINESE—DUTY OF CUSTOMS OFFICERS—OPPOSING ARRESTS.
> The provisions of the Chinese restriction acts requiring the customs officers to prevent the landing from boats or vessels of Chinese who are not entitled to land do not impose upon those officers the duty of arresting Chinese who are already in the United States without right, nor is there any law imposing such duty; and hence an inspector who, without legal process, attempts to make such arrests, acts merely as a private citizen, and one who opposes him therein is not guilty of opposing "any officer" of the customs in the "execution of his duty," within the meaning of Rev. St. U. S. § 5447.

Presentment of J. C. Baird for obstructing an officer of the customs in attempting to arrest a Chinaman.

*P. H. Winston,* U. S. Atty.

HANFORD, J.   The record in this case shows that the defendant, has been heretofore arrested on a warrant issued by a United States commissioner, for an alleged violation of section 5447 of the Revised Statutes of the United States, and, after an examination by said commissioner, held to bail for his appearance, at the present term of this court, to answer for said offense.   The case is now brought before the court by the following presentment of the grand jury:

"*   *   * We, the grand jury, desire to report that we have investigated the case of the *United States* vs. *J. C. Baird,* charged with a violation of section 5447, Revised Statutes, and found the following to be the facts of the case:   That Z. T. Holden, then an inspector of customs for the district of Puget sound, was, on the evening of July 26th, 1891, in the town of Wooley, engaged in an attempt to capture certain Chinese laborers who had entered the United States contrary to law, and who were not entitled to be in the United States.   That, while so engaged, the defendant, J. C. Baird, seized upon the said Z. T. Holden, and handcuffed him, and interfered with him in the performance of his work.   We further find that said Z. T. Holden, at the time he was interfered with, was not acting under the direction of any court of law, nor executing any legal process.   We have requested the United States attorney, upon these facts, to prepare a bill of indictment against said J. C. Baird, and he has, in response to said request, informed us that he is unable to find a law covering this case upon the facts presented.   We therefore desire to present J. C. Baird to the court for having done the act herein stated, and to obtain the opinion of the court as to whether the facts set forth constitute an offense against the United States.

"D. R. McKINLEY, Foreman of the Grand Jury."

It is one of the fundamental principles of our government that no man can be required to defend against a criminal prosecution in a court of the United States for mere wrong-doing, nor unless the charge against him be the commission of an offense made punishable by a law of the United States.   By the division of governmental powers between the several states and the national government the punishment of all such offenses as assaults, batteries, unlawful arrests, and breaches of the peace, committed within a state, belongs to the state.   The act which the de-

fendant is charged with having committed is not a crime against the United States because of any injury to Mr. Holden, as a private citizen, nor unless national authority has been opposed, resisted, or defied, and execution of the laws obstructed or made difficult by the ill treatment of an officer. Section 5447 must be understood as having for its objects the prevention of interference with the operations of the government, and protection to its officers in the performance of official duty. The statute, by the phrases "any officer" and "execution of his duty," refers to official character rather than to an individual and to official duty,—that is, some peculiar duty appertaining to an office. By the presentment it appears that Mr. Holden was at the time an officer of the United States, and that he was assaulted, opposed, and interfered with. But his effort to arrest Chinese persons who are not lawfully in the United States or entitled to remain therein, although commendable, was no part of his duty as an inspector of customs. The general laws and the regulations of the treasury department require all customs officers, including inspectors, to keep surveillance of all boats and vessels coming into the United States, and give them power to make seizures of property and arrests for a violation of the revenue laws, laws relating to commerce and navigation, and to the inspection and regulation of vessels. The acts excluding Chinese laborers from coming into the country contain provisions which may be construed as imposing upon these officers the duty of preventing the landing from any boat or vessel of Chinese persons not entitled to land in the country, but the statutes do not make it a duty of these officers to arrest Chinese persons who have been landed, or unlawfully brought in by land, nor give them any power greater than or different from the power of a private citizen. The thirteenth section of an act entitled "An act to prohibit Chinese laborers from coming to the United States" (25 U. S. St. 479) provides—

"That any Chinese person or person of Chinese descent, found unlawfully in the United States or its territories, may be arrested upon a warrant issued, upon a complaint under oath filed by any party on behalf of the United States, by any justice, judge, or commissioner of any United States court."

By the same section, and also by the twelfth section of the original restriction act, as amended by the act of July 5, 1884, (23 U. S. St. 118,) all peace officers of the several states and territories are invested with the powers of United States marshals under said acts. These provisions not only omit to mention inspectors of customs, but seem to confer all power of making arrests upon other and different officers. Without authority conferred by law, and not acting in obedience to a precept of any court in executing legal process, nor in aid of any officer having authority to arrest the Chinese persons referred to in the presentment, Mr. Holden was not, by his endeavors to make the arrest, executing his duty as an officer of the United States. I do not mean to be understood as saying that Mr. Holden was endeavoring to accomplish an unlawful purpose. In my opinion, as a citizen, he could lawfully arrest Chinese laborers in the act of coming into the United States unlawfully, and detain them until complaints could be made against them, and warrants

issued, but in so doing he was not performing any official function. The case therefore does not come within section 5447 of the Revised Statutes, and I find no statute to meet the case. It is my opinion that this grand jury has no power to indict the defendant, and this court has no power to punish him for the acts of which he is accused.